FULLER BUGGY CO. v. WALDRON et al.

(Supreme Court, Appellate Division, Third Department.  May 2, 1906.)

1. BILLS AND NOTES—PAYMENT—PAYMENT BY CHECK AND RENEWAL NOTE—
   BURDEN OF PROOF.
   The burden of proving that a note sued on by the payee therein was paid by checks given by the maker, and renewal notes executed by him and the sureties on the note sued on rests on the maker and sureties.
   [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1695.]

2. SAME—INTENTION OF PARTIES.
   Whether a note was paid by the payee therein accepting a check from the maker and renewal notes executed by him and the sureties on the original note depends on the intention of the parties, as manifested by the facts attending the transaction.
   [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1257.]

3. TRIAL—EVIDENCE—QUESTION OF FACT.
   Though the only evidence on an issue is the uncontradicted evidence of a party having the burden of proof, a question of fact is presented requiring the submission of the issue to the jury.
   [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 335.]

4. BILLS AND NOTES—PAYMENT—PAYMENT BY CHECK AND RENEWAL NOTES—
   QUESTION FOR JURY.
   In an action on a note defended on the ground that the payee therein had accepted checks and renewal notes in payment, the maker testified with respect to the new notes and check that the payee's manager accepted them as payment, and a surety testified that the payee's agent asked him to sign the renewal notes and that the agent would return the original note. Held, not to show as a matter of law that the new notes and check were taken in payment of the original note.
   [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1886.]

5. SAME—ACTION AGAINST INDORSER—PROTEST—BURDEN OF PROOF.
   Where an indorser, sued on a note, denied that the note had been protested and served notice with his answer that he had not received notice of protest, the burden of showing that he had received notice was on the payee.
   [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1689.]

6. SAME—EVIDENCE—SUFFICIENCY.
   Evidence in an action against an indorser on a note examined, and held not to show that he had received notice of protest.

Appeal from Trial Term.

Action by the Fuller Buggy Company against Adelbert Waldron and others.  From a judgment for defendants, plaintiff appeals.  Judgment for defendant Waldron reversed, and new trial granted, and judgment for defendant Charles E. Cudney affirmed.

The action is brought upon a promissory note made by the defendant Waldron and indorsed by the defendants Cudney and Ramsey.  On March 14, 1905, after the note became due the defendant Waldron gave the plaintiff's agents a check for $100, which was paid and another check dated April 1, 1905, for $100 and two notes of equal amount for the

99 N.Y.S.—36

balance due on the first note, both indorsed by Cudney and Ramsey. The old note was retained by the plaintiff. The check dated April 1st, for $100 was not paid at maturity and the plaintiff thereupon brought this suit upon the original note against the maker and indorsers, the complaint containing the usual allegations as to nonpayment, protest and notice thereof to the indorsers. The defendant Ramsey did not answer, and judgment has gone against him by default. The defense interposed was a denial and an allegation that the note had been paid. The plaintiff on the trial tendered to the defendant the unpaid check and notice of protest thereof and the two renewal notes and offered to surrender them, which offer the defendant's counsel declined to accept. At the close of the proofs the court denied the defendant's motion to dismiss the complaint but directed a verdict in favor of both defendants, and the plaintiff excepted. From the judgment entered on the verdict so directed, the plaintiff has appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

N. B. Spalding, for appellant.
James A. Leary, for respondents.

CHESTER, J. The court evidently directed the verdict in favor of the defendant Waldron upon the theory that the defendant's testimony that the checks and renewal notes were taken in payment of the former note was undisputed, and therefore that no question of fact was presented for the jury to determine. The burden of proof to show that the old note was paid rested upon the defendants, it having been taken in payment of a precedent debt. Hall v. Stevens, 116 N. Y. 201, at page 206, 22 N. E. 374, 5 L. R. A. 802. I do not think it can be said that they satisfied this burden, as a matter of law. Whether the taking of the checks and the renewal notes constituted a payment of the note sued upon depends upon the intention of the parties as manifested by the facts and circumstances attending the transaction. Matter of Utica Nat. Brewing Co., 154 N. Y. 268, 48 N. E. 521. The only evidence upon the subject was given by the defendants themselves. They were interested witnesses, and, although not contradicted, a question of fact was presented as to their credibility and the weight to be given to their testimony. Honegger v. Wettstein et al., 94 N. Y. 252; C. H. Bank v. Diefendorf, 123 N. Y. 191, at page 200, 25 N. E. 402, 10 L. R. A. 676. More than this, most of their testimony was not as to any facts upon the subject of payment, but only as to conclusions. For instance, the defendant Waldron testified with respect to the new notes and checks that the plaintiff's manager "accepted them as payment" and in answer to the question, "The renewal notes you gave him that day you gave him for payment?" he answered, "Yes, sir."

The defendant Ramsey was asked to state what took place at the time the renewal notes were made and he testified:

"Mr. Utterback (the plaintiff's agent) asked me to sign these notes and I said I would and he said he would return the old note to Waldron. Q. Did you say you would sign it on the ground that the other note was paid? A. Yes, he said he would send it, and it was all satisfactory."

There was nothing else testified to as to what was said by the plaintiff's agent at the time the renewal notes and the checks were given from which it could be inferred that the agreement between them was that they were taken in payment. When testimony of this character is given by interested parties and the old note is in fact retained by the payee it cannot be said as matter of law that it has been proven that the new notes were taken in payment, and it was, therefore, error to direct a verdict for the defendant Waldron. With respect to the defendant Cudney a different question is presented. He was an indorser, and denied that the note had been duly protested. The burden to show this was on the plaintiff, as Cudney had served notice with his answer that he had not received notice of protest. The only proof given by the plaintiff on the subject of service of notice was that given by the notary in whose hands the note was placed for protest. He testified that the note contained no designation of the address of either of the indorsers, Ramsey or Cudney, and that notices for the several indorsers were mailed to the bank at Jackson, Mich. (where plaintiff's principal office was located), "inclosed in an envelope directed to them and accompanied by a postage stamp for mailing notices to the indorsers." It was shown that the Jackson bank was a subsequent indorser; but there was no evidence that this bank ever sent the notice to Cudney, who had resided at Corinth, Saratoga county, for 18 years. This was the only notice shown to have been addressed to him, but as this was not mailed to him, but to the Michigan bank, the plaintiff failed to show a fact essential in establishing its cause of action against him. Cudney was also sworn in his own behalf and said that he had never received notice of presentment or protest. There was no conflict in the evidence in this respect, and the court, therefore, properly directed a verdict in his favor on the ground that it had not been shown that he was properly charged as indorser.

The judgment as against the defendant Waldron should be reversed, and a new trial granted, with costs to the appellant to abide the event; and the judgment as against the defendant Cudney should be affirmed, with costs against the appellant.

All concur, except PARKER, P. J., not voting, and COCHRANE, J., who concurs in result as to the defendant Cudney and dissents as to the defendant Waldron.