SHERMAN v. ECKER et al.

(Supreme Court, Appellate Term. May 15, 1908.)

BILLS AND NOTES—ACTION—COMPLAINT—SUFFICIENCY—NOTICE OF PRESENTMENT, ETC.—"PROTEST"—"DULY."

    A complaint in an action on a note, which states that the note was duly presented for payment at the time and place designated thereon and payment thereof demanded and refused, that said note was duly protested, and that due notice of the protest of said note was duly given to the defendants and each of them, is sufficient as against a demurrer by an indorser on the ground that it did not show the giving of notice of presentment, demand, nonpayment, and protest, notwithstanding Neg. Inst. Law, Laws 1897, p. 739, c. 612, § 160, providing that an indorser to whom no notice of dishonor has been given is discharged; for pleadings must be liberally construed, and the term "protest" includes in a popular sense all the steps taken to fix the liability of an indorser upon the dishonor of a commercial paper to which he is a party, and "duly" in legal parlance means according to law, and does not relate to form only, but includes both form and substance.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2259, 2260; vol. 6, pp. 5742, 5745.]

Appeal from City Court of New York, Special Term.

Action by Louis Sherman against Nathan Ecker, impleaded with others. From an order and judgment sustaining a demurrer to an amended complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to answer on conditions.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Max Sheinart (Louis H. Levin, of counsel), for appellant.
Geza Eichhorn (Isaac Hyman, of counsel), for respondents.

GILDERSLEEVE, P. J. The plaintiff appeals from an order and judgment sustaining a demurrer to the complaint. The action is on a promissory note, and the demurrer is interposed by one of the indorsers thereof. The portions of the complaint which are material to the issue presented on this appeal are as follows, viz.:

"That the note was duly presented for payment at the time and place designated therein, and payment thereof demanded and refused; that said note was duly protested; that due notice of protest of said note was duly given to the defendants and each of them."

The respondent claims that the complaint is insufficient, because it merely states that "due notice of protest was duly given to defendants and each of them," instead of stating that notice of presentment, demand, nonpayment, and protest was given to defendants. This view was also taken by the court below, but it seems to us too narrow and technical to meet with our approval.

Section 160 of the negotiable instruments law (Laws 1897, p. 739, c. 612) provides that an indorser to whom no notice of dishonor has been given is discharged. Pleadings, however, must be liberally construed. As we have seen, the complaint, after apprising the defendants of the fact that the note was duly presented for payment at the time and place designated therein, and payment thereof demanded and refused, and that thereupon the note was duly protested, then goes on to state that "due notice of protest was duly given to the defendants and each of them." The term "protest" includes, in a popular sense, all the steps taken to fix the liability of an indorser upon the dishonor of a commercial paper to which he is a party. 2 Daniel on Neg. Inst. (5th Ed.) p. 4, § 921. Where it is necessary to allege notice of dishonor, an averment that due notice was given is sufficient. 14 Ency. Pl. & Pr. p. 549. The word "duly," in legal parlance, means "according to law," and does not relate to form only, but includes form and substance both. Brownell v. Town of Greenwich, 114 N. Y. 527, 22 N. E. 24, 4 L. R. A. 685.

The complaint shows that the indorser had the necessary notice of the dishonor of the instrument in suit, as, having duly received due notice of protest, he was chargeable with knowledge of demand for payment and refusal thereof on the day and at the place where and when the note was payable. Youngs v. Lee, 12 N. Y. 551, 554; Baldwin v. Doying, 5 Civ. Proc. R. 303, and cases there cited. The complaint, therefore, as we have seen, sets forth the necessary allegations in a cause of action on a promissory note against the indorser, since it alleges that there was presentment, demand, and refusal at the time and place mentioned in the note, that the note was duly protested, and that due notice of protest was duly given to the indorser. The cases cited by the respondent are distinguishable from the case at bar, and we are of opinion that the judgment and order should be reversed.

Judgment and order reversed, with costs of appeal, and the demurrer overruled, with leave to defendant to answer within six days, on payment of costs in this court and the court below. All concur.