### BLOOM v. POLACSEK et al.

(Supreme Court, Appellate Term. June 24, 1910.)

1. BILLS AND NOTES (§ 499*)—INDORSERS—DISCHARGE—BURDEN OF PROOF.
   In a suit against indorsers of a note, the burden was on them to show acceptance by the holder of a new note in discharge of the old.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1695–1697; Dec. Dig. § 499.*]

2. BILLS AND NOTES (§ 527*) — INDORSERS — DISCHARGE — EVIDENCE — SUFFICIENCY.
   In an action against indorsers of a note, evidence held insufficient to show acceptance by the holder of a new note in discharge of the old.
   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1695–1697; Dec. Dig. § 527.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Meyer Bloom against Maurice Polacsek and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Eugene I. Yuells, for appellant.
John L. Bernstein, for respondents.

BIJUR, J.    Plaintiff sued the maker and indorsers of a promissory note.    It was claimed that the indorsers were discharged through the receipt by the plaintiff of a new note of the original maker in payment of the old one.    The question whether the new note constituted a valid consideration for an extension of the old debt, though liberally discussed in the briefs, is not presented for determination here.    The trial judge charged, without exception, that if the jury believed that the plaintiff had accepted the new note in payment for the old the indorsers would be discharged; and it may be added that, in view of the amount of the new note, this charge was correct as a matter of law, and that the plaintiff, had he accepted the new note, would have received consideration for the extension.

The burden of proving, by a fair preponderance of evidence, the acceptance by the plaintiff of the new note in discharge of the old, was upon the defendants; and it cannot be said that this burden was sustained to an extent sufficient to justify the verdict of the jury. The maker testified to an agreement between himself and the plaintiff to accept the new note; but the testimony is vague, and by no means overcomes the direct testimony of the plaintiff that the agreement was merely to accept a new note indorsed in the same manner as the old one.    The plaintiff testified, without contradiction, that when he discovered that the new note was not indorsed he returned it to the maker the very day on which it was delivered to him.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.    All concur.