### M. ZIMMERMAN CO. v. KASTNER et al.

(Supreme Court, Appellate Term. July 1, 1910.)

BILLS AND NOTES (§ 140\*)—ACCOMMODATION INDORSERS—DISCHARGE—PROOF REQUIRED.

Accommodation indorsers are not discharged by an agreement for an extension of time for payment without their assent, where they fail to show that there was any consideration for the extension, or that the agreement was actually consummated.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 355-359; Dec. Dig. § 140.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the M. Zimmerman Company against Max Kastner and others. From a judgment for defendant indorsers, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Joseph G. Abramson, for appellant.

Louis Levene, for respondents.

GUY, J. Appeal from judgment in favor of defendant indorsers, rendered by the court without a jury, in an action upon a promissory note. The defense was two-fold:

First. That no proper notice of protest had been mailed to defendants. The notice, however, was sufficient under the statute.

Second. That the maker of the note and the payee agreed to an extension of the time for the payment of the note without the assent of the accommodation indorsers, and that the indorsers were thereby discharged. The defendant failed to show that there was any consideration for such extension, or that the agreement for an extension was, in fact, consummated. See Bloom v. Polacsek (App. Term, June, 1910) 123 N. Y. Supp. 951.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.