LAFAYETTE TRUST CO. v. LACHER et al.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. BILLS AND NOTES (§ 462*)—ACTION ON NOTE—COMPLAINT—SUFFICIENCY.

Under Code Civ. Proc. § 534, providing that, where a cause of action is based upon an instrument for the payment of money only, the party may set forth a copy of the instrument and state that there is due a specified sum which he claims, which shall be equivalent to setting forth the instrument according to its legal effect, a complaint, in an action on a promissory note, setting forth the note, and alleging its making by one of the defendants, its indorsement by the other, its discount by plaintiff, its presentation at maturity, its nonpayment and protest, and that no part of it had been paid, states a cause of action.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1444, 1445, 1447–1461, 1464–1466, 1471–1473; Dec. Dig. § 462.*]

2. PRINCIPAL AND AGENT (§ 23*)—PROOF OF AGENCY.

In an action on a note in which the defense was that there had been a settlement made between defendant and plaintiff's agent, by which the note sued on was supposed to have been surrendered, evidence *held* to make a prima facie case of agency on the part of the one who acted for plaintiff in the settlement so as to warrant receipt of evidence of his acts in that connection.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

Appeal from Trial Term, Kings County.

Action by the Lafayette Trust Company against Nathan Lacher and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Abraham C. Cohen, for appellants.

Ward W. Pickard, for respondent.

CARR, J. This is an appeal from a judgment in favor of the plaintiff upon a promissory note. A verdict was directed by the trial court. The defense was payment. The appeal is based upon two grounds of supposed legal error. The complaint is attacked as not stating facts sufficient to constitute a cause of action, and a motion was made on the trial to dismiss it before any testimony was taken. The complaint sets forth the note, alleges its making by one of the defendants, its indorsement by the other, its discount by the plaintiff, its presentation at maturity, its nonpayment and protest, and then further alleges that no part of it has been paid. What more should have been pleaded it is difficult to conceive. The objection to its supposed insufficiency is based upon section 534 of the Code of Civil Procedure and arises, as the appellants claim, from a failure to state that "there is due * * * thereon, from the adverse party, a specified sum." A decision of the Appellate Term in New York county is cited as an authority for the appellants' contention. Elkan v. Edwards, 112 N. Y. Supp. 1107. That case purports to have been decided on the authority of Wright v. Deering, 2 Misc. Rep. 296, 21 N. Y. Supp. 929. In the last-cited case there was no allegation whatever of nonpayment of the note, and it was held there that, in the absence of such an allegation, there was no averment of an indebtedness. In this case, however, there is an allegation of nonpayment on presentation, and then an allegation of nonpayment generally.

The complaint at bar is good beyond cavil. There were, however, some rulings on the trial as to the admissibility of evidence, which may require a reversal of the judgment. The defense was payment. In support of this defense, it was sought to prove that the defendant Lacher was indebted to the plaintiff on a number of promissory notes, including the one here in suit, and that in payment and discharge of all of said obligations the defendant Lacher conveyed to one Boswell, grantee designated by the plaintiff, eight houses and received from the plaintiff a package of these notes, including, as the defendant thought, the note now in question, but which had in fact been retained by the plaintiff contrary to the mutual agreement upon which the real estate was conveyed. The transaction was carried through by the defendant Lacher and one Mintz, appearing to represent the plaintiff, under an agreement made in the plaintiff's banking office. The court refused to allow this evidence to be considered until it was first established that Mintz had power to act for the plaintiff in the transaction in question. It was shown that Mintz had some sort of connection with the plaintiff, participating in its conduct of business, in its banking office, and that the defendant's grantee in the deeds taken under the agreement with Mintz was the assistant secretary of the plaintiff. The defendant thought that Mintz was a vice president of the plaintiff, but no proof was given that he held actually such office. There was proof that, when the deed was delivered, Mintz surrendered to Lacher some 20 or more notes held by the plaintiff against Lacher as maker or indorser. These circumstances made out at least a prima facie case of authority on the part of Mintz, which the plaintiff might rebut, if it could, by showing the exact relations between it and

Mintz. While the defendants had the burden of sustaining their defense of payment, this burden did not require an absolute demonstration on their part. The facts shown by them were susceptible of a strong inference that Mintz was the plaintiff's agent.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.