MINNA KAHNWEILER and LOUIS KAHNWEILER, Copartners doing Business under the Firm Name and Style of DAVID KAHNWEILER, Plaintiffs, *v.* SCHOCHNA M. SALOMON and JOHN J. ASCHER, Defendants.

(City Court of the City of New York, Special Term, June, 1919.)

Pleading — complaint — demurrer — negotiable instruments — Negotiable Instruments Law, § 160 — Code Civ. Pro. § 534.

> To sustain a demurrer on the ground that the complaint is insufficient in law upon which to predicate a cause of action it must be made to appear that the complaint does not state facts sufficient to constitute a cause of action.

> Where the complaint ·in an action against the maker and indorser of a promissory note is drawn under section 534 of the Code of Civil Procedure but, while setting forth a copy of the note fails to set forth a copy of the indorsement thereon, it is fatally defective as against the indorser.

> This is so even though by a separate paragraph it is alleged that the defendant indorser indorsed said note for the purpose of lending credit thereon and with the intent of charging himself as first indorser thereon.

> An allegation that the note was duly presented at maturity but that payment was refused and that the note was thereupon protested, as to all of which defendants had due and timely " knowledge," is insufficient as against the indorser as there is no allegation that he had due " notice " of dishonor as required by section 160 of the Negotiable Instruments Law.

> Notice of dishonor is an essential element to hold the indorser of a negotiable instrument as it gives him opportunity to take necessary measures for his own security.

MOTION for judgment on the pleadings.

Shine & Weinrub, for motion.

Hugo S. Mack, opposed.

FINELITE, J. This case comes before the court upon application of the plaintiff for judgment on the pleadings, consisting of the complaint and demurrer, on the ground that the complaint is insufficient in law upon which to predicate a cause of action. The complaint must be tested upon this motion as upon a demurrer for insufficiency. It must appear on the face of the complaint that it does not state facts sufficient to constitute a cause of action. The action is based on a promissory note for $1,500 purporting to have been made by the defendant Salomon and to have been indorsed by the defendant Ascher as an accommodation indorser. It is alleged that at maturity the note was duly presented for payment at the time when and the place where by its terms it was due and payable, and payment thereof was refused; whereupon said note was duly protested, as to all of which the defendants had due and timely *knowledge,* and although duly demanded no part of the same has been paid. In so far as it applies to the maker of the note, the defendant Salomon, this is in compliance with section 534 of the Code of Civil Procedure. The allegation in reference to the defendant Ascher indorsing said note for the purpose of lending credit thereon and with the intent of charging himself as first indorser thereon is set forth in a separate and distinct paragraph in the complaint, but the vice of the pleading is to the effect that the plaintiff fails to comply with section 534 of the Code, in that in attempting to hold the indorser that portion of the instrument which contains the contract of the indorser, to wit, his indorsement, is not set forth. This objection is timely taken, as has been decided in the case of *Woodruff* v. *Leonard,* 1 Hun, 632, wherein the court stated: '' It seems to have been supposed that the complaint was good, under section 162 of the Code. That section provides, that in an

City Court of New York, June, 1919.　　[Vol. 107.

action ' founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and state that there is due to him thereon, from the adverse party, a specified sum which he claims.' But the complaint is not framed under this section. The action is against the indorser only, and the instrument on which it is founded, is the contract of indorsement upon the note. The note is set forth, but no copy of the indorsement is given. In that respect, the complaint contains only the averment that the defendant indorsed the note, without setting out a copy of the indorsement, and therefore it fails to comply with section 162. But if it had set out a copy of the indorsement, *in haec verba,* it would probably have been essential, since the plaintiffs are payees of the note, to allege the special circumstances charging the defendant as first indorser, to rebut the presumption that his relation to the paper was that of second indorser." Section 534 of the Code of Civil Procedure is derived from section 162 of the Code of Procedure. The *Woodruff Case, supra,* has never been overruled, and therefore is the law governing this question. Furthermore, there is an additional objection submitted, namely, in reference to the presentation of the note for payment, at the time when and the place where, by its terms, it is made payable. It is set forth in the fourth paragraph of the complaint that at the maturity of said note the same was duly presented for payment at the time when and the place where by its terms it was made payable, and payment was refused; thereupon said note was protested, as to all of which the defendants had due and timely *knowledge.* Nowhere, however, is it alleged that *notice* of dishonor of payment of the note was given to the indorser, as is required by section 160 of the Negotiable Instruments Law, the failure to give which will discharge the

indorser.  The object of the requirement of notice of dishonor is to put the indorser in possession of the material facts upon which his own liability is founded, so that he may be enabled to take the necessary measures for his own security or indemnity against those who are liable over to him.  *Cady* v. *Bradshaw,* 116 N. Y. 188; *Artisans' Bank* v. *Backus,* 36 id. 100; *Cook* v. *Litchfield,* 9 id. 279.  The object of requiring prompt notice to indorsers is to afford them every opportunity to secure themselves, and if by the act or omission of the creditor a loss occurs it should fall upon him who is the cause of the loss rather than upon the innocent debtor.  *Carroll* v. *Sweet,* 9 Misc. Rep. 382. Notice of dishonor is an essential element to hold the indorser of a negotiable instrument.  *Cady* v. *Bradshaw, supra; Moore* v. *Alexander,* 63 App. Div. 100; *Fonseca* v. *Hartman,* 84 N. Y. Supp. 131; *Klotz* v. *Silver,* 127 id. 1090.  The burden of proof is at all times upon the holder of a negotiable instrument seeking to enforce the same to show that the instrument was duly presented and that due notice of dishonor was given to such indorser.  *Fuller Buggy Co.* v. *Waldron,* 112 App. Div. 814; affd., without opinion, 188 N. Y. 630.  The necessary allegation of notice is pointed out specifically in the case of *Sherman* v. *Ecker,* 59 Misc. Rep. 216, which is called to the attention of the plaintiff on this motion.  Therefore it is evident that the plain-in order to hold the defendant indorser liable, in that tiff has failed to plead the necessary allegation it has neglected to state that *notice* of dishonor was given him.  Again, in the fourth paragraph of the complaint appear the following words: " of all of which the defendants had due and timely *knowledge.*"  This is insufficient in law in view of the fact that there is no allegation that the defendants had notice.  For the

reasons indicated the plaintiff's motion for judgment on the pleadings is denied, with ten dollars costs, with leave, however, to the plaintiff to plead anew upon payment of said costs within six days after service of a copy of .the order entered hereon, with notice of entry thereof.

Ordered accordingly.