Cosmopolitan Bank, Plaintiff, *v.* Lena Blumberg, Defendant.

Supreme Court, Bronx County, March 24, 1926.

**Bills and notes — action on promissory note made by third party and indorsed by defendant — complaint setting out note but not indorsement, though alleging defendant indorsed instrument, is insufficient in law under Rules of Civil Practice, rule 94.**

A complaint, in an action on a promissory note made by a third party and indorsed by the defendant, which set out a copy of the note but did not recite the indorsement of the defendant, though it alleges that defendant indorsed the note, is insufficient in law as against the defendant, under rule 94 of the Rules of Civil Practice.

Motion to dismiss complaint on ground that allegations do not constitute good pleading.

*Morris Jablow,* for the motion.

*Samuel Weinberger,* opposed.

Gibbs, J.   Plaintiff instituted an action to recover $60,000 on a promissory note made by a third party and indorsed by the defendant. The complaint sets forth a copy of the note but not the indorsement of the defendant. It then pleads that before maturity and the delivery of the note, the defendant for the purpose of giving credit thereto, and of inducing the plaintiff to accept the note for discount, and of being charged thereon as an indorser, indorsed the same. Defendant moves to dismiss the complaint on the ground that these allegations do not constitute a good pleading. Rule 94 of the Rules of Civil Practice permits a plaintiff to set forth the copy of the instrument in an action founded upon the instrument for the payment of money only. It is necessary, however, that the copy of the instrument be complete. This includes the indorsements. In *Kahnweiler v. Salomon* (107 Misc. 602) it was held that where the complaint in an action against both the maker and indorser of a promissory note is drawn under section 534 of the Code of Civil Procedure (now Rules of Civil Practice, rule 94) and sets forth a copy of the note but fails to set forth a copy of the indorsement thereon, it is fatally defective as against the indorser, even though it further alleged that the defendant indorser indorsed the said note for the purpose of lending credit thereon and with intent of charging himself as the first indorser.

In the case at bar the maker of the note is not made a party

to the action but the omission does not alter the necessity of conforming to the statute.

I conclude that the complaint is insufficient in law. Motion granted with leave to plaintiff to serve an amended complaint within ten days upon the payment of ten dollars costs. Submit order.