RESOURCE HOLDING CORPORATION, Appellant, *v.* GUSTAV GOLDSTEIN and Others, Respondents.

Supreme Court, Appellate Term, First Department, June 26, 1926.

Abatement and revival — prior action pending — action on promissory note for $1,800 given in renewal of original note for $1,900 not barred by prior action on original note — contention of defendant that note had been paid does not warrant relief on theory that note had not been paid.

An action based upon a renewal promissory note for $1,800 made September 8, 1925, and due January 8, 1926, is not barred by a prior action predicated on a note for $1,900 made by the same parties on May 8, 1925, and due September 8, 1925, where defendants in their answer in the prior action and in an affidavit in support of their motion to dismiss the complaint in this action on the ground that another action is pending between the same parties involving the same subject-matter, alleged that the original note had been paid, since having adopted the position that the original note had been paid they cannot be given relief upon the theory that it had not been paid.

Moreover, if, as asserted, the original note of $1,900 sued on in the first cause of action was paid and discharged by the payment of $100 on account of the principal and $38 interest, and the giving of a new note for $1,800, there came into existence by reason of the transaction two distinct obligations rather than one. This being so, the two causes of action are not the same and there is no prior action pending.

APPEAL by plaintiff from an order of the City Court of the City of New York dismissing the complaint on the ground that there was another action pending between the same parties involving the same subject-matter.

*Kaye, McDavitt & Scholer* [*L. Harding Rogers, Jr.*, of counsel], for the appellant.

*Joseph Sapinsky* [*Edwin J. Lukes* of counsel], for the respondents.

James O'Malley, J.   The first action was commenced on September 16, 1925.   It was based on a four months' note for $1,900, dated May 8, 1925, due on September 8, 1925, made by the defendants Goldstein and Lifton, and indorsed by the defendant Chaskin. The plaintiff sued as assignee, alleging that no part thereof had been paid except the sum of $138.

The answer denied non-payment and, evidently by way of defense, alleged that prior to the dates in question the defendants, who were officers of a concern in financial difficulties, in order to effect a composition, had given their note to the plaintiff's assignor, a creditor, in the sum of $2,167.90, upon the understanding that this note might be renewed from time to time till paid.   It is further pleaded that on May 8, 1925, there was paid on account of the note the sum of $267 and interest and the note was renewed in the sum of $1,900; that when the last-mentioned note, the subject of the first cause of action, became due on September 8, 1925, the defendants paid $100 on account of principal and $38 interest, and delivered a new note for $1,800 payable in four months.   It is further alleged that the plaintiff's assignor " accepted said reduction of $100 and said interest of $38 for a four months' renewal of said note and said renewal note of $1,800 and that *said note mentioned and described in the complaint has been fully paid and is not due.*"   (Italics mine.)

The second action was commenced March 1, 1926.   This is the instant action and it was based upon the renewal note of $1,800, made September 8, 1925, and due January 8, 1926, already mentioned.   The parties to the note and to the action were identical with those to the first action.

The defendant Goldstein then made an affidavit in support of this motion to dismiss the complaint on the ground that there was another action pending between the same parties for the same cause.   This affidavit sets forth the circumstances of the making of the two notes and states with respect to the note which is the subject of this action: " Said Note of $1,800 and $100 cash were given *in payment* of the $1,900 note, which was then due."   (Italics mine.)

To sustain the order appealed from the defendants maintain that the renewal note is not to be deemed a payment of the prior note, but has the effect merely of extending the time of payment of the prior note.   They particularly rely upon the decision in *Bank of*

*Monongahela Valley* v. *Weston* (159 N. Y. 201, 209) and *Jagger Iron Co.* v. *Walker* (76 id. 521). Without doing violence to the general rule it is equally clear that under proper circumstances it becomes a matter of intent and a question of fact as to whether or not the renewal transaction was intended as payment of the prior obligation. (*Matter of Utica Nat. Brewing Co.*, 154 N. Y. 268; *Fuller Buggy Co.* v. *Waldron*, 112 App. Div. 814; affd., 188 N. Y. 630; *Bloom* v. *Polacsek*, 123 N. Y. Supp. 951.) The defendants in their answer in the prior action and in their affidavit in support of this motion asserted that the first note had been paid. Having adopted this position they should not, it seems to me, be given relief on the theory that it had not been paid. Their objection that they are subject to the danger of paying the same debt twice is fallacious. A judgment in either case could be pleaded supplementary in bar of the other. It is the plaintiff, it seems to me, who stands in a precarious position. If the first note was paid there is a complete defense pleaded in the first action. If it was not, the defense of prematurity is a bar to recovery in that action. No doubt defendant's plea of payment of the $1,900 note induced the bringing of the second action based on the $1,800 note.

In view of the obvious inconsistent position assumed by the defendants it would seem that the order made below was improper. If, as asserted, the original note of $1,900 sued on in the first cause of action was paid and discharged by the payment of $100 on account of the principal and $38 interest and the giving of a new note for $1,800, it is clear that there had sprung into existence by reason of the transaction between the parties two distinct obligations rather than one. This being so, the two causes of action are not the same and there is no prior action pending. The defendants having taken this position, I am of opinion that at this time at least the first action, under all the circumstances disclosed, is not the same as the second and that the former is not a bar to the latter.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.