Cosmopolitan Bank, Appellant, *v.* Lena Blumberg, Respondent.

First Department, December 3, 1926.

Bills and notes — action against indorser — complaint is sufficient, under Rules of Civil Practice, rule 94, which sets out note and alleges that before maturity and before delivery defendant, to give credit and to induce plaintiff to discount note, indorsed same — not necessary to set out copy of indorsement — allegations show defendant as first indorser and rebut presumption. that she was second indorser.

A complaint in an action on a promissory note against an indorser is sufficient, under rule 94 of the Rules of Civil Practice, which sets out a copy of the note without the indorsement, and alleges that the defendant, for the purpose of giving credit to the note, and for the purpose of inducing the plaintiff to accept the note for discount, and for the purpose of being charged thereon as an indorser, indorsed the same before maturity and before delivery to the plaintiff.

The allegations as to indorsement render the defendant presumably liable as first indorser and rebut the presumption that she was a second indorser.

Appeal by the plaintiff, Cosmopolitan Bank, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 29th day of March, 1926, granting defendant's motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Samuel Weinberger* of counsel, for the appellant.

*Morris Jablow* of counsel, for the respondent.

Burr, J. This is an action against an indorser on a promissory note.

The complaint alleges that plaintiff was and now is a domestic banking corporation, duly organized under the banking laws of the State of New York.

" *Second.* Upon information and belief that heretofore, and on or about the 9th day of March, 1925, the Wacht Construction Corporation, by Jacob Wacht, President, for value, duly made and executed its promissory note in writing payable to its own order, a true copy of which is as follows:

" ' $60,000                    New York City, *March* 9, 1925.

" ' Four Months After Date We Promise to Pay to the Order of Ourselves Sixty Thousand 00 /100 Dollars at Cosmopolitan Bank, 803 Prospect Avenue, New York City. Value Received with Interest.

No.          WACHT CONSTRUCTION CORPORATION
Due              by (Signed) Jacob Wacht,        " ' *President.*'

" *Third.* That before maturity and the delivery of the said note aforesaid to the plaintiff herein, the defendant, Lena Blumberg, for the purpose of giving credit thereto, and of inducing the plaintiff herein to accept said note for discount, and of being charged thereon as an indorser, indorsed the same, and thereafter and before maturity, the said note was for value, indorsed by the Wacht Construction Corporation and delivered to the plaintiff herein, which is now the holder and owner thereof.

" *Fourth.* That thereafter and at maturity of the said note, the same was duly presented for payment at the place where the same was made payable by the terms thereof, and payment thereof demanded which was refused. Whereupon the said note was duly protested for non-payment at an expense to the plaintiff herein of the sum of $1.40 of all of which the defendant had due notice.

" *Fifth.* That no part of the said note has been paid, and there is now due and owing from the defendant to the plaintiff herein, the sum of Sixty Thousand One and 40/100 ($60,001.40) Dollars, with interest thereon from the 9th day of March, 1925, no part of which has been paid although duly demanded."

The defendant moved to dismiss the complaint on the ground that it appears upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action.

The court below granted the motion (127 Misc. 177), saying: " Rule 94 of the Rules of Civil Practice permits a plaintiff to set forth the copy of the instrument in an action founded upon the instrument for the payment of money only. It is necessary, however, that the copy of the instrument be complete. This includes the indorsements. In *Kahnweiler* v. *Salomon* (107 Misc. 602) it was held that where the complaint in an action against both the maker and indorser of a promissory note is drawn under section 534 of the Code of Civil Procedure (now Rules of Civil Practice, Rule 94), and sets forth a copy of the note but fails to set forth a copy of the indorsement thereon, it is fatally defective as against the indorser, even though it further alleged that the defendant indorser indorsed the said note for the purpose of lending credit thereon and with intent of charging himself as the first indorser. In the case at bar the maker of the note is not made a party to the action but the omission does not alter the necessity of conforming to the statute. I conclude that the complaint is insufficient in law."

The decision in *Kahnweiler* v. *Salomon* (107 Misc. 602), relied on by the court below, was based solely on the authority of *Woodruff* v. *Leonard* (1 Hun, 632), which was decided in 1874. In that case the complaint alleged that the plaintiffs were the owners of the note

and " that the defendant indorsed said note at the time of the making thereof." The note was set out in full but a copy of the indorsement was not given. The defendants demurred. The plaintiffs moved for an order directing judgment for them, on the ground that the demurrer was frivolous, which was granted.

" Held, that this was error; that in order to entitle the plaintiffs to recover, it was necessary for them to allege the special circumstances charging the defendant as first indorser, to rebut the presumption that he was second indorser."

DAVIS, P. J., writing for the court said: " It seems to have been supposed that the complaint was good, under section 162 of the Code.* That section provides, that in an action 'founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and state that there is due to him thereon, from the adverse party, a specified sum which he claims.' But the complaint is not framed under this section. The action is against the indorser only, and the instrument on which it is founded, is the contract of indorsement upon the note. The note is set forth, but no copy of the indorsement is given. In that respect, the complaint contains only the averment that the defendant indorsed the note, without setting out a copy of the indorsement, and therefore it fails to comply with section 162. But if it had set out a copy of the indorsement, *in hæc verba,* it would probably have been essential, since the plaintiffs are payees of the note, to allege the special circumstances charging the defendant as first indorser, to rebut the presumption that his relation to the paper, was that of second indorser.

" The case, therefore, presents the simple question, whether, upon the facts averred, the plaintiffs are not presumptively the first indorsers, and the defendant the second indorser, so that it is incumbent on the plaintiffs to aver the facts and circumstances, to overcome the legal presumption, and entitle them to sue the defendant as indorser."

In *Lynch* v. *Levy* (11 Hun, 145 [1877]), the court, by BRADY, J., said (at p. 146): " The question arising herein is one of pleading, and it is whether the allegations set forth are sufficient to bring this case within the principle of the one cited. They seem to be sufficient. They result in this, namely: A. M. Cristalar, on the 27th May, 1874, made his promissory note, by which he promised to the plaintiff the sum of $3,500; the defendant then, and before the delivery of the note to the plaintiff, indorsed and delivered it to him for value, and he became the owner for value. This may be

---

* Code Proc. § 162, as amd. by Laws of 1851, chap. 479; Code Civ. Proc. § 534; Rules Civ. Prac. rule 94.— [REP.

criticised as an indefinite mode of stating the transaction, but it is clearly sufficient to show that the indorsement by the defendant was not that of a second indorser, and that he became bound to the plaintiff by a legal consideration for the promise to pay the amount of the note to him. The complaint differs, therefore, materially from that in *Woodruff* v. *Leonard* (8 S. C. N. Y. [1 Hun], 632)." (Davis, P. J., and Daniels, J., concurring.)

As appears from the opinion the allegations of the complaint in *Lynch* v. *Levy* (*supra*) were: "*First*, that heretofore one A. M. Cristalar made his certain promissory note, in writing, dated at the City of New York, on the 27th day of May, 1874, wherein and whereby the said A. M. Cristalar promised to pay to the plaintiff the sum of three thousand and five hundred dollars ($3,500), two months after the said date, at No. 691 Broadway, New York city. *Second*, that the defendant then and there, and before the delivery of said note to the plaintiff, indorsed the same to the plaintiff for value, and that said note was afterwards, and before the commencement of this action, delivered to the plaintiff herein for value, and the plaintiff became, and now is, the owner thereof for value. *Third*, that at the maturity thereof the said note was duly presented for payment, and payment thereof duly demanded, but the same was not paid; of all which due notice was given to defendant, and that no part of said note has been paid."

In *Youngs* v. *Perry* (42 App. Div. 247) it was held that "An allegation, contained in the complaint in an action against the indorser of a note, stating that the indorsement was ' duly ' made, is sufficient to defeat a demurrer addressed to the validity of the indorsement; if the indorser wishes to litigate that question he must raise it by his answer."

In *Lafayette Trust Co.* v. *Lacher* (139 App. Div. 797 [July, 1910]) the court held: "A complaint on a promissory note which sets forth the note, alleges that it was made by one of the defendants, indorsed by the other, discounted by the plaintiff, that it was presented at maturity, was not paid and was thereafter protested, and further alleges that no part of it has been paid, states a good cause of action."

Carr, J., in his opinion (p. 798) says: "The complaint at bar is good beyond cavil."

The complaint alleges the making of the note and by proper averments sets forth the indorsement of that note by the defendant and the special circumstances under which such indorsement was made so as to render defendant presumably liable as first indorser and to rebut the presumption that defendant was a second indorser. (Neg. Inst. Law, §§ 114, 118; *Wittemann* v. *Sands*, 238 N. Y. 434.)

It was not necessary, therefore, to set forth a copy of the indorsement in addition.   A plain statement of facts is all that is necessary to perfect a pleading.

The objections to this complaint are strictly technical and under the present system of pleading such technicalities should not be encouraged further than is necessary for the due and orderly administration of justice.

I think the facts alleged in this complaint are sufficient to constitute a cause of action, and that defendant should be compelled to plead any defense she may have by way of answer.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to answer within ten days from the entry of the order to be entered herein on payment of said costs.

Clarke, P. J., Merrell, Finch and Martin, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within ten days from service of order upon payment of said costs.